IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERNESTA WARE,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No.  06 C 4537
                                 )
LASALLE BANK,                    )
                                 )
            Defendant.           )

## MEMORANDUM ORDER

Ernesta Ware ("Ware") has just filed a Complaint of Employment Discrimination against her ex-employer LaSalle Bank, using the printed form provided by the Clerk's Office for pro se litigants, with her handwritten responses providing the information requested in the form. Ware has also accompanied the Complaint with two other printed forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

Before this Court turns to a question regarding Ware's Complaint, both the Application and the Motion can be dispatched swiftly--indeed, on grounds of frivolousness. Ware discloses in the Application not only that she is currently employed at a $2,400 monthly salary (App. ¶2) but also that she has $31,000 in checking or savings accounts (App. ¶4) and owns $100,000 in securities (App. ¶5) as well as the ownership of three houses having a current value of $300,000 and subject to $111,000 in mortgage indebtedness (App. ¶6)--and to top things off, she owns

a Mercedes (App. ¶7)! And if that were not enough to call for denial of both the Application and Motion (and it is), Ware has also failed to fill in the most important part of the Motion, its Paragraph 2 that requires a statement as to a plaintiff's attempts to retain counsel on her own.

Today this Court's minute clerk printed out the case docket, which has just become available--and that printout (astonishingly, in light of the facts revealed by the Application) does not reflect Ware's payment of the $350 filing fee. If that is indeed true, the obvious lack of good faith in her Application for in forma pauperis treatment may well render inapplicable the caselaw that gives the benefit of retroactivity in a lawsuit's filing date to a litigant who, believing himself or herself unable to pay a filing fee, seeks such status and must await the court's ruling on his or her application. In any event, both the Application and the Motion must be and are denied.

With that said, this memorandum order turns to a question that is posed by Ware's response to one of the paragraphs in the Complaint even if she were to be entitled to an August 22 filing date for her lawsuit (the question posed in the preceding paragraph). Complaint ¶7(b) says that Ware received EEOC's right-to-sue letter in May 2006, but without indicating the day of the month. That omission makes it impossible to determine whether the Complaint was or was not timely filed under any

circumstances. Accordingly Ware is ordered to file an amendment to the Complaint on or before September 1, 2006 specifying the date of her receipt of the right-to-sue letter. In addition, because Complaint ¶7.1(b) states that a copy of Ware's Charge of Discrimination has been attached but it is not, her supplemental filing should include such a copy as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 24, 2006