IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERNESTA WARE,                )
                             )
            Plaintiff,       )
                             )
    v.                       )    No. 06 C 4537
                             )
LASALLE BANK,                )
                             )
            Defendant.       )

## MEMORANDUM ORDER

In response to this Court's August 24, 2006 memorandum order ("Order," a copy of which is attached), Ernesta Ware ("Ware") has tendered a two-page document captioned "Motion to expunge financial Statement or alternative to seal it," which concludes by asking that this Court not strike her pro se Complaint of Employment Discrimination. Although Ware has noticed up that motion for presentment on September 7, it can be addressed now, eliminating any need for Ware to appear at that time.

This Court need not address Ware's explanation that (even though she was obviously able to pay the $350 filing fee) she filed an Application To Proceed In Forma Pauperis because some clerk had said to her "What can you Lose." At best that excuse might perhaps give her the benefit of having her Complaint's filing date treated on a retroactive basis to August 22 once she actually paid the fee (as she clearly should have done from the beginning). But even on that hypothetical basis, Ware has correctly acknowledged that the Complaint was filed one day late

anyway:

1. EEOC's right-to-sue letter was received by her lawyer on May 23, 2006, and that date of receipt started the 90-day clock for bringing suit that is prescribed by statute.

2. August 22, the first day on which Ware was concededly in possession of everything that she needed to file her Complaint, was the 91st day after May 23.

What that means is that the Complaint was untimely filed from any perspective. And this Court sees nothing in Ware's account of events--regrettable as it may be that she waited until (or rather beyond) the last minute--that constitutes an equitable basis for tolling the statutorily prescribed time.

That said, however, it is not for this Court to "strike" (as Ware puts it) the Complaint. It is of course possible (though concededly unlikely) that LaSalle Bank may not raise the issue of untimeliness, in which event that defense will have been waived and Ware's lawsuit could then proceed. Accordingly Ware is expected to obtain service on LaSalle Bank, and this Court is contemporaneously entering its regular form of order setting an initial status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 5, 2006

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERNESTA WARE,                      )
                                   )
              Plaintiff,           )
                                   )
    v.                             )    No. 06 C 4537
                                   )
LASALLE BANK,                      )
                                   )
              Defendant.           )

MEMORANDUM ORDER

Ernesta Ware ("Ware") has just filed a Complaint of Employment Discrimination against her ex-employer LaSalle Bank, using the printed form provided by the Clerk's Office for pro se litigants, with her handwritten responses providing the information requested in the form. Ware has also accompanied the Complaint with two other printed forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

Before this Court turns to a question regarding Ware's Complaint, both the Application and the Motion can be dispatched swiftly--indeed, on grounds of frivolousness. Ware discloses in the Application not only that she is currently employed at a $2,400 monthly salary (App. ¶2) but also that she has $31,000 in checking or savings accounts (App. ¶4) and owns $100,000 in securities (App. ¶5) as well as the ownership of three houses having a current value of $300,000 and subject to $111,000 in mortgage indebtedness (App. ¶6)--and to top things off, she owns

a Mercedes (App. ¶7)! And if that were not enough to call for denial of both the Application and Motion (and it is), Ware has also failed to fill in the most important part of the Motion, its Paragraph 2 that requires a statement as to a plaintiff's attempts to retain counsel on her own.

Today this Court's minute clerk printed out the case docket, which has just become available--and that printout (astonishingly, in light of the facts revealed by the Application) does not reflect Ware's payment of the $350 filing fee. If that is indeed true, the obvious lack of good faith in her Application for in forma pauperis treatment may well render inapplicable the caselaw that gives the benefit of retroactivity in a lawsuit's filing date to a litigant who, believing himself or herself unable to pay a filing fee, seeks such status and must await the court's ruling on his or her application. In any event, both the Application and the Motion must be and are denied.

With that said, this memorandum order turns to a question that is posed by Ware's response to one of the paragraphs in the Complaint even if she were to be entitled to an August 22 filing date for her lawsuit (the question posed in the preceding paragraph). Complaint ¶7(b) says that Ware received EEOC's right-to-sue letter in May 2006, but without indicating the day of the month. That omission makes it impossible to determine whether the Complaint was or was not timely filed under any

circumstances. Accordingly Ware is ordered to file an amendment to the Complaint on or before September 1, 2006 specifying the date of her receipt of the right-to-sue letter. In addition, because Complaint ¶7.1(b) states that a copy of Ware's Charge of Discrimination has been attached but it is not, her supplemental filing should include such a copy as well.

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: August 24, 2006